# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH R. MEISTER, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 18-3233 |
| SUN CHEMICAL CORPORATION, | |
| Defendant. | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 OCTOBER 15, 2018

Plaintiff Kenneth R. Meister ("Meister") brings this diversity action against Defendant Sun Chemical Corporation ("Sun Chemical"), asserting breach of contract and a claim under Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 Pa. Cons. Stat. § 260.1 *et seq.*, for Sun Chemical's alleged failure to make certain monthly payments to him pursuant to an employment agreement between the parties.[1]

Sun Chemical moves to dismiss only the WPCL claim (Count II of the Complaint). Meister has filed a Response in Opposition, and Sun Chemical has filed a Reply Brief. For the reasons noted below, we grant Sun Chemical's Motion and dismiss Count II of the Complaint with prejudice.

---

[1] Meister alleges he is a citizen of Pennsylvania, whereas Sun Chemical is a citizen of Delaware and New Jersey. (Compl. ¶¶ 1-2.) Sun Chemical claims no error with respect to its citizenship. Further, the amount in controversy is alleged to exceed $75,000. (*Id.* ¶ 4.) We therefore exercise proper diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

I.     **BACKGROUND**[2]

Meister began working at Sun Chemical in 2007, with his most recent title being "National Account Manager." (Compl. ¶ 8.) Meister and Sun Chemical were parties to a "Technical Information Agreement" that is dated April 19, 2007 (the "Agreement"). (Compl., Ex. A ("Agreement").) The Agreement contains a post-employment temporal restriction that precludes Meister from soliciting customers that he serviced for Sun Chemical. (*See* Agreement ¶ 4(b).) The Agreement also provides that, if the non-solicitation provision solely prevented Meister from obtaining new employment consistent with his education and training, then he was bound only so long as Sun Chemical made "payments to [him] of an amount equal to [his] monthly base pay at termination (exclusive of extra compensation or employee benefits)." (*Id.* ¶ 4(c).) For any month Meister claimed payments under the Agreement, he was required to give Sun Chemical a detailed written account of his efforts to secure employment and a statement that, "although [he] conscientiously sought employment, [he] was unable to obtain it solely because of the [the non-solicitation provision]." (*Id.*)

Meister voluntarily resigned his position on May 25, 2018. (Compl. ¶ 10.) The following month, Meister, through counsel, advised Sun Chemical via letter that he had been offered two employment positions, but was unable to be employed unless he was released from the non-solicitation provision of the Agreement. (*Id.* ¶ 13) (citing Ex. B (Letter)). Meister also sought monthly payments in the event Sun Chemical did not release him. (*Id.*)

Meister alleges that Sun Chemical has not given him written permission to accept available employment or a written release from the obligations of the non-solicitation provision. (*See id.* ¶ 15.) He further alleges that Sun Chemical has refused to pay him the monthly

---

[2] We take the facts alleged in the Complaint as true, as we must when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citation omitted).

payments the Agreement requires, despite his conscientious search for employment. (*See id.* ¶ 16.) Meister maintains he has been unable to find employment solely because of the non-solicitation provision of the Agreement. (*Id.*)

On July 31, 2018, Meister filed a two-count Complaint in this Court against Sun Chemical. Count I asserts a claim for breach of contract, and Count II asserts a claim under the WPCL. Sun Chemical filed the instant Motion to Dismiss on August 27, 2018, which seeks dismissal of the WPCL claim.

**II.     LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), courts must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014)) (internal quotation marks omitted). However, courts need not "accept mere[] conclusory factual allegations or legal assertions." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 678-79). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Finally, we may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based

upon [those] documents." *Davis*, 824 F.3d at 341 (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)) (internal quotation marks omitted).

## III. DISCUSSION[3]

The WPCL provides that "[w]henever an employer separates an employe[e] from the payroll, or whenever an employe[e] quits or resigns his employment, the *wages or compensation earned* shall become due and payable." 43 Pa. Cons. Stat. § 260.5(a) (emphasis added). The statute defines "wages" as "all earnings of an employe[e], regardless of whether determined on time, task, piece, commission or other method of calculation. . . ." and "also includes *fringe benefits or wage supplements* whether payable by the employer from his funds or from amounts withheld from the employe[e]s' pay by the employer." *Id.* § 260.2a (emphasis added). In turn, "fringe benefits or wage supplements" is defined as

> all monetary employer payments to provide benefits under any employe[e] benefit plan, as defined in section 3(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; as well as separation, vacation, holiday, or guaranteed pay; reimbursement for expenses; union dues withheld from the employe[e]s' pay by the employer; and any other amount to be paid pursuant to an agreement to the employe[e], a third party or fund for the benefit of employe[e]s.

*Id.* (footnote omitted).

A viable cause of action under the WPCL exists only to claims of "earned" compensation. *See Scully v. US WATS, Inc.*, 238 F.3d 497, 516 (3d Cir. 2001) ("We agree with the general proposition that the WPCL does not give rise to claims for unearned compensation."); *Allende v. Winter Fruit Distribs., Inc.*, 709 F. Supp. 597, 599 (E.D. Pa. 1989) ("The WPCL applies only to 'back wages already earned[.]'"). "The employment contract

---

[3] "A federal court sitting in diversity must apply state substantive law." *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citation omitted). We will therefore apply Pennsylvania state law, as Count II of the Complaint arises directly under the WPCL.

4

governs whether wages or compensation are 'earned' or vested within the meaning of the statute." *H & R Block E. Tax Servs., Inc. v. Zarilla*, 69 A.3d 246, 252 (Pa. Super. Ct. 2013). Although "courts have uniformly held that the WPCL does not apply to future earnings," *Ely v. Susquehanna Aquacultures, Inc.*, 130 A.3d 6, 14 (Pa. Super. Ct. 2015) (citations omitted), "[t]he mere fact that certain compensation is not payable until a future date is not necessarily fatal to a WPCL claim so long as the employee is deemed to have 'earned' it during his employment, *Riseman v. Advanta Corp.*, 39 F. App'x 761, 765 (3d Cir. 2002) (citing *Scully*, 238 F.3d at 516).

Sun Chemical contends that the WPCL claim should be dismissed because the payments Meister seeks had not been earned or vested at the time his employment with Sun Chemical ended. Meister responds by arguing that Sun Chemical contractually obligated itself to make the payments pursuant to the Agreement and thus, the payments are "wages" under the WPCL. (*See* Pl.'s Opp'n to Def.'s Mot. to Dismiss 1-2.) We agree with Sun Chemical and will dismiss the WPCL claim with prejudice.

The WPCL provides that employers must pay a separated employee his or her "wages or compensation *earned*" no later than the employer's next regular payday when such wages would ordinarily be due and payable. *See* 43 Pa. Cons. Stat. § 260.5(a) (emphasis added). As numerous courts have recognized, the clear language of the statute indicates that the "wages or compensation" must have been "earned," or vested, at the time the employee's separation with the employer occurred. *See Riseman*, 39 F. App'x at 765 ("The mere fact that certain compensation is not payable until a future date is not necessarily fatal to a WPCL claim *so long as the employee is deemed to have 'earned' it during his employment*.") (citation omitted); *Scully*, 238 F.3d at 516 ("We agree with the general proposition that the WPCL does not give rise to claims for unearned compensation."); *Blackwell-Murray v. PNC Bank*, 963 F. Supp. 2d

5

448, 470 (E.D. Pa. 2013) ("The WPCL requires employers to pay a separated employee his or her 'wages or compensation earned' *at the time of separation* no later than the employer's next regular payday.") (citation omitted); *Allende*, 709 F. Supp. at 599 ("The WPCL applies only to 'back wages *already earned*[.]'") (quoting *Weingrad v. Fischer & Porter Co.*, 47 Pa. D. & C.2d 244 (Pa. Com. Pl. 1968)).

In this case, Meister states that the payments would be made (1) if his employment with Sun Chemical ended, and (2) if the non-solicitation restriction solely caused him to be unable to secure new employment consistent with his training and education. (Pl.'s Opp'n to Def.'s Mot. to Dismiss 8.) However, the second condition precedent necessarily could not have occurred until Meister's employment with Sun Chemical ended. Therefore, such payments cannot be considered "wages or compensation earned" because Meister did not earn them during his employment. *See Riseman*, 39 F. App'x at 765 (stating plaintiff must have earned wages or compensation during employment to state a claim under WPCL); *Blackwell-Murray*, 963 F. Supp. 2d at 470 (stating that WPCL requires employers to pay wages or compensation already earned at the time of employee's separation with employer); *Allende*, 709 F. Supp. at 599 (concluding WPCL applies only to back wages already earned).

Meister's argument that the payments are considered "wages" because Sun Chemical contractually obligated itself in April 2007 to make them is slightly off the mark. While Sun Chemical may be liable for breach of contract for failure to make the payments, the fact remains undisputed that the conditions giving rise to Sun Chemical's alleged breach could not have occurred during Meister's term of employment. In other words, Meister's alleged right to the payments could not have vested until after his employment with Sun Chemical ended.

Accordingly, he does not state a claim under the WPCL, and we will dismiss Count II of the Complaint with prejudice.[4]

## IV. CONCLUSION

For the foregoing reasons, Meister's claim under the WPCL (Count II) is dismissed with prejudice.

An appropriate Order follows.

---

[4] Although Meister requests that the Court allow him leave to amend his pleading in the event we find a deficiency, we will deny that request and dismiss his WPCL claim with prejudice. The United States Court of Appeals for the Third Circuit has held that district courts are justified in denying leave to amend when there appears to be "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Here, we find that leave to amend the WPCL claim would be futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *Burlington*, 114 F.3d at 1434). Meister's claim under the WPCL arises directly under the express terms of the Agreement and fails as a matter of law. Accordingly, his request to amend his Complaint is denied.